McCREIGHT et al. v. SUMNER. (No. 8107.)

(Court of Civil Appeals of Texas. Dallas.
Jan. 25, 1919.)

LIMITATION OF ACTIONS ⬦127(4)—AMEND-
MENT OF PETITION—TOLLING STATUTE.

Where the original parties plaintiff suing as
heirs of the original payee of notes amend and
sue as the heirs of the heir of the original payee,
such amendment does not change the claim or
cause of action, but relates back to the com-
mencement of the suit and stops the running of
the statute of limitations at that point.

Appeal from District Court, Dallas Coun-
ty; W. F. Whitehurst, Judge.

Suit by J. S. McCreight and others against
Charles Sumner to recover on promissory
notes. From a judgment in favor of the
plaintiff Mary McCreight for one-half in-
terest in the notes with foreclosure of lien
and that the other plaintiffs take nothing,
the plaintiffs appeal. Reversed and ren-
dered.

Saner, Saner & Turner, of Dallas, for ap-
pellants.

RAINEY, C. J. This suit was brought
April 22, 1914, by J. S. McCreight, Mary Mc-
Creight, J. E. McCreight, W. S. McCreight,
and M. Emily McCreight, as heirs of D. H.
McCreight, deceased, against Charles Sum-
ner to recover on 20 promissory notes of
$100 each, all dated June 7, 1909, the first
payable May 7, 1910, and one maturing each
month thereafter. Said notes were executed
by Charles Sumner and made payable to D.
H. McCreight, who died in November, 1909,
and plaintiffs sued as his heirs. J. S. and

Mary McCreight were the father and mother of D. H. McCreight. The other three plaintiffs were his brothers and sister. J. S. McCreight died October 22, 1912, consequently was not living when the suit was filed. His death was suggested to the court about August 10, 1917, and the other plaintiffs filed their first amended original petition August 17, 1917, alleging that they were the sole heirs of D. H. McCreight, and prayed for judgment as such heirs.

The case was tried without a jury, and the court rendered judgment in favor of Mary McCreight for one-half interest in the notes, with foreclosure of lien, and that the other plaintiffs take nothing. From this judgment the appellants appealed, and the case is here for review.

The court found:

"The death of J. S. McCreight was first suggested to the court by the defendant on or about August 10, 1917, and was admitted by the plaintiffs in their first amended original petition filed August 17, 1917. In said first amended original petition filed August 17, 1917, the plaintiffs Mary A. McCreight, J. E. McCreight, W. S. McCreight, and M. Emily McCreight for the first time sued and asked judgment as the heirs of J. S. McCreight, deceased, and, at the date of the filing of said first amended original petition, said J. S. McCreight had been dead four years 9 months and 26 days. I find that there was no administration on the estate of D. H. McCreight, and that at the time of his death at Dallas, Tex., on or about the 9th day of November, 1909, the said D. H. McCreight owned the notes in controversy in this suit and that he owed debts as follows: He owed his mother, Mary A. McCreight, $3,500; and he owed his sister, M. Emily McCreight, $400. I find that James S. McCreight died at Lewsiber, Pa., October 22, 1912, and left no real or personal property of any kind, and no debts, and there was no administration on his estate."

The conclusions of law are:

"That there was no necessity for an administration on the estate of D. H. McCreight, and his mother, Mary A. McCreight, could properly sue as an heir at law. At the time of the death of D. H. McCreight, his only heirs were his father, J. S. McCreight, and his mother, Mary A. McCreight, and therefore his brothers, J. E. McCreight and W. S. McCreight, and his sister, M. Emily McCreight, were not properly named as parties plaintiff in the original cause of action commenced April 22, 1914. The heirs of J. S. McCreight, to wit, J. E. McCreight, W. S. McCreight, and M. Emily McCreight, are not entitled to recover any interest in these notes, and Mary A. McCreight is not entitled to recover any interest in these notes as the heir of J. S. McCreight, deceased, because: (1) These persons were first named as parties plaintiff 4 years, 9 months, and 26 days after the death of J. S. McCreight and therefore are barred by limitation; and (2) the uncontroverted testimony in this case shows that at the time of the death of J. S. McCreight he left no property, real or personal."

Appellants' first and only assignment of error and proposition thereunder are as follows:

"The court erred in sustaining defendant's plea of limitation to the cause of action as alleged in plaintiffs' petition."

Proposition: "Where the original parties plaintiff, suing as heirs of the original payee, amend and sue as the heirs of the heir of the original payee of promissory notes, such amendment does not change the claim or cause of action, but relates back to the commencement of the suit and stops the running of the statute of limitations at that point."

We concur in the proposition of appellants and conclude that the lower court was in error. We therefore reverse the judgment and here render it for the appellants for the full amount of the notes and interest sued for and for the foreclosure of the lien. Field v. Gantier, 8 Tex. 74; Foote v. O'Roork, 59 Tex. 215; Baker v. Railway Co., 184 S. W. 257; Railway Co. v. Smith, 171 S. W. 512; Railway Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134.

Reversed and rendered.