## VIVIER et al. v. BARREDA.

### No. 10177.

Court of Civil Appeals of Texas. San Antonio.

Nov. 17, 1937.

Rehearing Denied Dec. 15, 1937.

1234

Abney & Whitelaw, of Brownsville, and John A. Vivier, of Houston, for appellants.

Ira Webster, Sr., and R. A. Dunkelberg, both of Brownsville, for appellee.

MURRAY, Justice.

Appellee, C. P. Barreda, as agent and attorney in fact of Enrique Lopez de San Roman, Feliciano Lopez de San Roman, Fernando Lopez de San Roman, Fernando Lopez Vda de Uruburu, and Emilia Nordahausen Eidel, being the heirs and only heirs of Tecla San Roman Lopez, deceased, brought suit against appellants, Mrs. Mary E. Vivier and Joe Vivier, Sr., seeking to recover the amount of principal and interest due upon a certain note in the sum of $3,875, originally payable to the Texas Bank & Trust Company of Brownsville, Tex., and further seeking the foreclosure of a deed of trust lien upon certain real estate located in Cameron county; said deed of trust lien having been created by a deed of trust executed by the appellants, Mary E. Vivier and Joe Vivier, Sr., to secure the note sued on herein.

It was alleged in the petition, among other things, that the Texas Bank & Trust Company, through its cashier, Joe Celaya, indorsed said note in blank, without recourse, and that Joe Celaya, cashier of the bank, was the attorney in fact and agent of Enrique Lopez de San Roman, Feliciano Lopez de San Roman, Fernando Lopez de San Roman, Fernando Lopez Vda de Uruburu, and Emilia Nordhausen Eidel, being the heirs, and only heirs, of Tecla San Roman Lopez, deceased; that the note and deed of trust lien was sold by Texas Bank & Trust Company to the estate of said Tecla San Roman Lopez, deceased, and the note was indorsed as follows: "Without recourse this note is hereby transferred and assigned, as well as the security, to Joe Celaya, Jr., Agent." Signed, "Texas Bank and Trust Company, Brownsville, Texas, by Lee L. Adams, Special Agent"; that the Texas Bank & Trust Company, Brownsville, Tex., has closed and has been taken over by the Banking Commissioner; and whereas, no written transfer of said note and deed of trust lien securing payment of the same was ever executed and acknowledged, in the manner and form necessary for the recording of instruments in the lien records of Cameron county, Tex.; that on or about the 21st day of April, 1936, Z. Gossett, Banking Commissioner of the state of Texas, joined by Joe Celaya, trustee, did grant, transfer, and assign unto the above-named heirs of Tecla San Roman Lopez, deceased, who are represented herein by plaintiff, C. P. Barreda, their duly qualified, acting agent and attorney in fact, all right, title, interest, lien, and powers whatsoever in and upon the land described in the deed of trust.

The trial was before the court without the intervention of a jury, and resulted in judgment against appellants and in favor of appellee for the amount of principal, interest, and attorney's fees due on the note, together with a foreclosure of the deed of trust lien on the real estate described in the deed of trust. Mary E. Vivier and Joe Vivier have prosecuted this appeal.

Appellants' first contention is that the court erred in overruling their general demurrer to the petition, in view of the fact that the suit is by the heirs of a deceased person through their agent, and there is no allegation in the petition that there was no administration upon the estate and no necessity therefor, nor any other allegations which would excuse the failure of the administrator to bring the suit and authorize the heirs to do so.

As an abstract proposition of law, this contention by appellants is unquestionably correct. Gannaway v. Barrera et al. (Tex. Civ.App.) 74 S.W.2d 717; Sustaita v. Valle (Tex.Civ.App.) 38 S.W.2d 638; Youngs v. Youngs (Tex.Civ.App.) 16 S.W.2d 426; Id. (Tex.Com.App.) 26 S.W.2d 191; Cyphers v. Birdwell (Tex.Civ.App.) 32 S.W.2d 937. However, the petition in this case does not allege that these heirs are suing as heirs, but they are merely described as the heirs of their deceased mother. Such allegation is not sufficient to show a suit by the heirs of a deceased person, but is merely descriptive of such persons. 47 C.J. 177; 32 Tex.Jur. p. 8, § 3; Dysart v. Hagaman (Tex.Civ. App.) 252 S.W. 1107; Maddox v. Craig, 80 Tex. 600, 16 S.W. 328. We therefore overrule appellants' contention in so far as it applies to the petition herein.

Appellants next contend that if this suit be regarded as a suit by the indi-

viduals and not in their capacity as heirs, then the general demurrer should be sustained, because the petition fails to allege that the plaintiff, as the agent of the individuals named, was the owner and holder of the note sued on herein. We sustain this contention. The petition does not allege by general statement that the appellees were the owners of the note, neither does it allege sufficient facts showing the appellees to be the owners of the note. If the allegations of the petition could be construed as showing ownership at all, it would be in the estate of Tecla San Roman Lopez, deceased. It is true that the petition recites that the deed of trust lien has been transferred to appellees, but the transfer of a lien without the transfer of the note secured by the lien is nugatory, and of no effect. Masterson v. Ginners' Mutual Underwriters' Ass'n (Tex. Civ.App.) 222 S.W. 263; Id. (Tex.Com. App.) 235 S.W. 1081.

The failure of the petition to contain a general allegation of ownership by the appellees of the note sued on, or to allege such facts as would amount to an allegation of ownership, renders it fatally defective and subject to general demurrer, and the failure of the trial court to sustain the general demurrer was error. 6 Tex.Jur. 904.

Accordingly, the judgment of the trial court will be reversed, and the cause remanded.