Davye CARTER, Appellant,

v.

W. J. DeJARNATT, Appellee.

No. 8284.

Court of Civil Appeals of Texas, Texarkana.

May 6, 1975.

James B. Martin, Andress, Woodgate & Lodewick, Dallas, for appellant.

Wells & Wells, Paris, for appellee.

CORNELIUS, Justice.

Appellant Davye Carter filed this action against appellee W. J. DeJarnatt to recover on a promissory note. A trial to the court resulted in a judgment denying recovery.

The note sued upon was executed by W. J. DeJarnatt to evidence a loan of $1,400.-00 which was made to him by David Haefele. The parties used a printed form of promissory note which named the First National Bank of Paris, Texas as payee, and they neglected to change the designation of the payee to David Haefele at·the time the loan was consummated. The bank thereafter, without consideration, endorsed the note to Dixie Harlan without recourse. Dixie Harlan thereafter, without consider-ation, endorsed the note to Davye Carter without recourse. Dixie Harlan was David Haefele's former wife. Davye Carter is David Haefele's daughter. Haefele was not a party to the suit.

Appellant's original petition alleged that she was the owner of the note by endorsement from the bank and Dixie Harlan. Her petition was later amended to allege that David Haefele was the real owner of the note and that appellant held the legal title thereto as constructive trustee for Haefele. She also alleged that she was the trustee of all of David Haefele's property under the terms of an express trust which had been created on May 12, 1970. It was undisputed that the note had not been paid.

In the trial court appellee contended that David Haefele was a necessary party; that appellant was required, but failed, to bring the suit in a representative capacity; and that as the four year limitation period on the note had expired before the filing of appellant's amended petition which alleged the trust relationship, the suit was barred by the four year statute of limitations. The trial court sustained these contentions and entered judgment that appellant take nothing on her cause of action. The judgment will be reversed.

David Haefele was not a necessary party to this action. The note was made payable to the First National Bank of Paris, Texas, or its order. When the named payee endorsed the note to Dixie Harlan and she in turn endorsed it to Davye Carter, Davye Carter became a "holder" of the note, whether or not the endorsements were supported by consideration. Tex.Bus. & Comm.Code Ann.Sec. 1.201, Sec. 3.201 and Comment 2 to Sec. 3.201, V.T.C.A.; Hughes v. Dopson, 135 S.W.2d 148 (Tex.Civ.App. Amarillo 1939, no writ). The payee or holder of a promissory note may maintain suit in his own name to enforce payment of the note even though he is not the real or beneficial owner. Tex. Bus. & Comm.Code Ann.Sec. 3.301 and Sec. 3.603. That was the settled law of

Texas long before the adoption of the Uniform Commercial Code. Thompson v. Cartwright, 1 Tex. 87; Russell v. People's Nat. Bank of Belton, 2 S.W.2d 961 (Tex.Civ.App. Austin 1928, writ ref'd); Houston Finance Corporation v. Stewart, 7 S.W.2d 644 (Tex.Civ.App. Austin 1928, writ ref'd); City of San Antonio v. Reed, 192 S.W. 549 (Tex.Civ.App. San Antonio 1917, writ ref'd). The same rule applies when the payee or holder holds the note as fiduciary for the real owner. See Tex.Bus. & Comm.Code Ann.Sec. 3.603 and Sec. 3.-304; Anderson v. Hirsch, 112 S.W.2d 535 (Tex.Civ.App. Amarillo 1937, writ ref'd). Under general trust law a trustee may maintain a suit in his own name to recover the trust property or to enforce the obligations of third parties to the trust. Unless the duties and obligations of the trustee are in question or there is a conflict between the trustee and the beneficiary, the beneficiary is not a necessary party. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377 (1945). Nor was appellant required to bring her suit in a representative capacity. The cases cited by appellee to support his contention in this respect are not applicable because they are cases where the plaintiff did not have legal title. See American Ins. Union v. Allen, 192 S.W. 1087 (Tex.Civ.App. Texarkana 1917, no writ) and Vivier v. Barreda, 110 S.W.2d 1233 (Tex.Civ.App. San Antonio 1937, writ dism'd). In addition, the express trust pleaded by appellant in her first amended petition specified that the trustee would have all of the rights and powers set forth for trustees in the Texas Trust Act, which act expressly provides that the trustee shall have the power to " . . . compromise, contest, arbitrate or settle any and all claims of . . . " the trust estate. Article 7425b–25 Vernon's Tex.Rev.Civ.Stat.Ann. The trust indenture conveyed to the trustee the legal title to all of David Haefele's property of every kind and description. A promissory note constitutes "personal property" in the sense that it may be owned as a trust asset. Hall v. Miller, 102 Tex. 289, 115 S.W. 1168 (1909); State v. Lowman, 115 S.W.2d 794 (Tex.Civ.App. Eastland 1938), rev'd on other grounds, 134 Tex. 475, 133 S.W.2d 962 (1939).

 Appellant's suit was not barred by limitations. Her original petition was filed on January 25, 1972, which was prior to the expiration of the four year limitation period. The amended petition, which was filed after the expiration of the limitation period, did not change the cause of action. The only change was that it alleged that David Haefele was the beneficial owner of the note and that appellant was his trustee. The same transaction—the execution of the note by DeJarnatt for $1,400.00 payable to the First National Bank of Paris—was the basis of the cause of action in both pleadings. At the most the amended petition merely changed the capacity in which appellant sued. That did not constitute a new cause of action which was barred by limitations. See Trammell v. San Antonio Life Ins. Co., 209 S.W. 786 (Tex.Civ.App. San Antonio 1919, writ ref'd); McCreight v. Sumner, 208 S.W. 545 (Tex.Civ.App. Dallas 1919, no writ); 37 Tex.Jur.2d Limitation of Actions, Sec. 120, page 280.

 As appellant produced the note and established its genuineness as well as her position as holder, she was entitled to judgment on the note unless appellee established a defense. Section 3.307, Tex.Bus. & Comm.Code Ann. He failed to do so. The judgment of the trial court will therefore be reversed and judgment rendered for appellant. Tex.R.Civ.P. 434. Since appellant pleaded in her amended petition that she held the note for the benefit of David Haefele, the judgment for the amount of the note, plus interest and attorney's fees as provided therein, will be rendered for appellant as trustee for the use and benefit of David Haefele. See Rabb v. Seidel, 218 S.W. 607 (Tex.Civ.App. San Antonio 1920), rev'd on other grounds.

It is so ordered.