Kenneth SANDRIDGE, et ux.,
Appellants,

v.

James MERRITT, et ux., dba Merritt
Construction Company, Appellees.

No. 8964.

Court of Civil Appeals of Texas,
Amarillo.

April 23, 1979.

J. Jerry Merchant, Wayne B. Barfield, Amarillo, for appellants.

Art B. Lara, Jr., Amarillo, for appellees.

DODSON, Justice.

On April 18, 1977, James and Joy Merritt, d/b/a Merritt Construction Company, submitted a written proposal to Kenneth Sandridge and his wife Darlene,[1] hereafter called defendants, to repair water damage and make additional improvements to defendants' residence for $3,772. Defendants accepted the proposal. Upon completion of all the work in May 1977, a dispute arose over the price. Defendants contended that amount due was approximately $2,900. Merritt Construction Company demanded $3,780.08 and defendants refused payment.

On June 29, 1977, Merritt Construction Company sued defendants under three alternative theories: sworn account, breach of contract, and *quantum meruit*. Defendants answered and filed a cross-action for recission of the contract and damages. Defendants alleged that Merritt Construction Company violated state and federal truth in lending laws. Judgment was entered on jury answers to special issues. Merritt Construction Company was awarded $3,780 plus interest and attorney's fees. Defendants were ordered to take nothing in their cross-action. Defendants appeal. Affirmed.

The jury found that the defendants owed Merritt Construction Company $3,780 for services rendered, materials furnished, and work performed on the defendants' home. Defendants do not attack this jury finding.

Defendants contend, however, that the trial court erred in entering judgment for Merritt Construction Company because it violated Tex.Rev.Civ.Stat.Ann. art. 5069–14.14 (Vernon Supp.1978–1979); 15 U.S.C. §§ 1631, 1635 (Supp.1979); and 12 C.F.R. § 226.9 (1974 & Supp.1979). Defendants specifically assert that the parties and transaction are subject to these statutes, that the statutes require Merritt Construction Company to disclose to defendants their right under these statutes to rescind the transaction until midnight of the third business day following the consummation of the transaction, and that this disclosure has not been made. Defendants further maintain that because Merritt Construction Company has failed to make the required disclosure they are entitled to rescind the contract, retain the benefits thereunder, and recover damages under Tex.Rev.Civ. Stat.Ann. art. 5069–14.14, 14.19 (Vernon Supp.1978–1979); 15 U.S.C. §§ 1635, 1640 (Supp.1979); and 12 C.F.R. § 226.9 (1974 & Supp.1979).

Each of the provisions relied upon defendants apply to specified credit transactions between a consumer and a creditor. Merritt Construction Company asserts that defendants failed to conclusively prove it was a creditor within the meaning of these provisions and therefore the provisions are inapplicable to the case at bar.

The Texas statute defines "creditor" as follows:

> 'Creditor' refers only to creditors who regularly extend or arrange for the extension of credit for which the payment of a finance charge is required whether in connection with loans, sales of property or services, or otherwise. . . .

Tex.Rev.Civ.Stat.Ann. art. 5069–14.01(6) (Vernon Supp.1978–1979). The federal statute defines "creditor" in a similar manner:

> The term 'creditor' refers only to creditors who regularly extend, or arrange for the extension of, credit *which is payable by agreement in more than four installments* or for which the payment of a finance charge is *or may* be required, whether in connection with loans, sales of property or services, or otherwise . . . (emphasis added).

---

1. The agreement was accepted by John E. and Darlene Holloway, a/k/a Darlene Sandridge.

15 U.S.C. § 1602(f) (Supp.1979).[2] *See also* 12 C.F.R. § 226.2(s) (Supp.1979). To determine whether Merritt Construction Company comes within these definitions, we must ascertain whether it regularly extends or arranges for the extension of credit for which the payment of a finance charge is, or in the case of the federal statute may be, required.

"Credit" is defined in both the state and federal statutes as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." Tex.Rev.Civ.Stat.Ann. art. 5059–14.01(5) (Vernon Supp.1978–1979); 15 U.S.C. § 1602(e) (1974). *See also* 12 C.F.R. § 226.2(q) (Supp.1979). Regarding a "finance charge," the statutes provide:

[T]he amount of the finance charge in connection with any consumer-credit transaction shall be determined as the sum of all charges payable directly or indirectly by the person to whom the credit is extended and imposed directly or indirectly by the creditor as an incident to the extension of credit, including any of the following types of charges which are applicable;

1) interest, time-price differential, and any amount payable under a point, discount, or other system of additional charges;

2) service or carrying charge;

3) loan fee, finder's fee, or similar charge;

4) fee for an investigation or credit report; or

5) premium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss.

Tex.Rev.Civ.Stat.Ann. art. 5069–14.04 (Vernon Supp.1978–1979); 15 U.S.C. § 1605 (1974).[3] *See also* 12 C.F.R. § 226.4 (1974).

Defendants maintain for the first time on appeal that a finance charge arose by operation of law under Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon 1971),[4] which provides:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable . . . .

Defendants failed to plead that a finance charge might arise by operation of law under this statute and made no such contention in the trial court. The defendants, however, did contend in the trial court that a fifteen percent figure in the contract was a finance charge under the statute.

At trial, the evidence established that fifteen percent of the total labor and material costs was added to arrive at the total cost for the construction. It was undisputed at trial that this fifteen percent addition represented other expenses and profit. Defendants do not urge on appeal that the fifteen percent addition constituted a finance charge.

In essence, the defendants failed to establish a finance charge under the one theory (fifteen percent figure) and now attempt to assert the existence of a finance charge under a completely new theory on appeal. In this connection, the defendants are limited to the theory upon which their case was tried in the trial court and they may not urge this new theory for the first time on appeal. *See American Mut. Liability Ins. Co. v. Parker,* 144 Tex. 453, 191 S.W.2d 844, 848 (1945); *Phillips v. Inexco Oil Company, Inc.,* 540 S.W.2d 546, 550 (Tex.Civ.App.— Tyler 1976, writ ref'd n. r. e.); *Brown-McKee, Inc. v. Western Beef, Inc.,* 538 S.W.2d 840, 843 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.).

Defendants' case was submitted on the following special issues:

---

2. Defendants admit that this is not a case involving the extension of credit which is payable by agreement in more than four installments.

3. The federal statute differs from the quoted statute in punctuation only.

4. While relying on the language of Tex.Rev.Civ. Stat.Ann. art. 5069–1.03 (Vernon 1971), defendants cite § 1.02 of this statute.

**250**

SPECIAL ISSUE NO. 3:

Do you find that Defendant, Darlene Sandridge has suffered mental anguish as a result of transactions with Plaintiff, Merritt Construction Company relating to the residence of Darlene Sandridge?

Answer: "We do" or "We do not."

ANSWER: *We do not*

SPECIAL ISSUE NO. 4:

What sum of money, if paid now in cash, do you find would fairly and reasonably compensate Defendant, Darlene Sandridge, for her mental anguish found by you in answer to the preceding Special Issue No. 3, if any you have found?

Answer in dollars and cents, if any.

ANSWER: *$ None*

SPECIAL ISSUE NO. 5:

Do you find that Defendant, Kenneth Sandridge, has suffered mental anguish as a result of transactions with Plaintiff, Merritt Construction Company, relating to the residence of Kenneth Sandridge?

Answer: "We do" or "We do not."

ANSWER: *We do not*

SPECIAL ISSUE NO. 6:

What sum of money, if paid now in cash, do you find would fairly and reasonably compensate Defendant, Kenneth Sandridge, for his mental anguish found by you in answer to the preceding Special Issue No. 5, if any you have found?

Answer in dollars and cents, if any.

ANSWER: *$ None*

No other special issues were requested or submitted.

The defendants failed to request and obtain favorable findings on any of the essential elements of their alleged causes of action. The provisions relied upon by the defendants prescribe the available remedies for violations of the statutes. These remedies do not include damages for mental anguish. The defendants also failed to conclusively establish that Merritt Construction Company is a "creditor" within the meaning of the state and federal truth in lending statutes. Under these circumstances we must conclude that the defendants waived their theories of recovery. Tex.R.Civ.P. 279.

In summary the defendants' points one through eight are overruled. Accordingly, the judgment of the trial court is affirmed.