Christopher G. SHARP and the Estate of
Roy C. Coffee, Sr., Appellants,

v.

J. E. BROCK, et ux., Appellees.

No. 18514.

Court of Appeals of Texas,
Fort Worth.

Dec. 17, 1981.

Coffee & Coffee, and Christopher G. Sharp, Dallas, for appellants.

Staples & Foster, and Ross T. Foster, Hurst, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

SPURLOCK, Justice.

This is an appeal from a take nothing judgment rendered against Coffee in his suit for a deficiency judgment on a promissory note made by the Brocks, and a cross-appeal from a take nothing judgment against the Brocks in their suit to cancel a trustee's sale of the property given as security for the payment of the note and a partial release of lien.

We reverse and render as to Coffee and affirm as to the Brocks.

The litigation began by the Brocks' suit to enjoin foreclosure of a deed of trust lien. The court denied the Brocks' temporary injunction and Coffee filed his counterclaim for judgment on the note. Coffee then foreclosed the deed of trust lien by trustee's sale, and the Brocks amended their pleadings to seek cancellation of the trustee's deed. After a non-jury trial on the merits, the court denied all recovery to both parties. From this judgment, both parties perfected their appeals.

Coffee appeals asserting one point of error contending that the trial court erred in denying him recovery on his counterclaim for a deficiency owing under the note.

The Brocks appeal asserting eight crosspoints challenging the court's failure to order Coffee to specifically perform his agreement to release from his deed of trust and vendor's lien 1.739 acres and the court's failure to set aside the foreclosure sale and the trustee's deed.

This cause of action arose from a series of events beginning in 1976 with the sale of the real property that is the subject matter of this suit. In June of 1976, J. E. Brock and wife, hereinafter referred to as "the Brocks," and Roy C. Coffee, hereinafter referred to as "Coffee," entered into an agreement for the sale of four undeveloped tracts of land, known as Tracts A, B, C and D. The agreement was consumated on July 30, 1976, by Coffee executing two warranty deeds. One warranty deed conveyed Tracts A and B, and the other warranty deed conveyed Tracts C and D. In return for these conveyances, the Brocks agreed to pay Coffee $4,000.00 per acre conveyed. Upon the execution of the deed, the Brocks paid $10,000.00 cash to Coffee and executed a note in the principal sum of $29,062.00, for the balance of the purchase price. The note was payable in four annual installments of $5,805.44, plus accrued interest, with the balance of the note being payable on the fifth anniversary date of its execution. The note was secured by a deed of trust against all four tracts of land which consisted of approximately ten acres. Both the note and deed of trust provided that upon payment of the first installment, the Brocks were entitled to have a release of three acres from any tracts.

Prior to this conveyance by Coffee, Coffee had encountered problems with the title to said tracts, and shortly after Coffee's conveyance and prior to the due date of the first installment on the note, a trespass to try title suit was filed naming the Brocks, Coffee and others as defendants and putting into issue title to Tract C conveyed by Coffee to the Brocks, being 1.261 acres of land; together with other adjacent land.

On April 7, 1978, the trespass to try title suit was settled. As part of that settlement plaintiffs in the suit received title to Tract C, a total of 1.261 acres, from the Brocks with a release of the deed of trust lien to Tract C and other adjacent land from Coffee. In return the plaintiffs paid Coffee and the Brocks, jointly, $10,088.00.

At the time of settlement, the first installment payment on Coffee's note was overdue, and Coffee had advised the Brocks that he had accelerated the note and was going to foreclose on same. Coffee and the Brocks came to an agreement; the note was reinstated; and the proceeds from the settlement of the trespass to try title suit were applied to the first installment payment with the $2,000.00 excess applied toward the second installment payment.

When the remainder of the 1978 installment came due, the Brocks once again defaulted. Coffee accepted payment of the amount in default in October of 1979. Shortly afterward he died and his son, Roy C. Coffee, Jr., was appointed executor of Coffee's estate. For simplicity, the executor acting for the estate of Coffee will also be referred to as "Coffee."

The third installment payment on the note which was due in July, 1979, was not paid timely. By letter dated October 17, 1979, Coffee notified the Brocks that they were delinquent in their payment on the note and demanded payment of the overdue installment and put the Brocks on notice

that if payment was not received by October 31, 1979, that he would be forced to foreclose. The Brocks made no attempt to make payment so Coffee posted the property for foreclosure sale in December 1979.

As a result of negotiations between the parties, the foreclosure sale was not held in December. The Brocks, by and through their attorney, advised Coffee that they would pay the note in full by January 1, 1980, if the trustee's sale was not held. In January, 1980, the Brocks did not pay the matured balance as previously promised, but instead, attempted to pay the past due installment for July, 1979, which payment was conditioned upon the entering into a modification agreement of the note and deed of trust. Coffee refused such payment and the proposed modifications, and posted the property for foreclosure in February, 1980. Brock brought suit to enjoin the foreclosure. The trial court issued a temporary restraining order enjoining Coffee from conducting a trustee's sale on February 5, 1980.

When the Brocks did not appear at the hearing on their temporary injunction, the temporary restraining order expired and temporary injunction was denied. Coffee reposted the property and conducted a trustee's sale on May 6, 1980. Brock appeared at the sale and bid the principal balance due, excluding the accrued interest, delinquent taxes, attorney's fees and trustee's commission owing under the note. Christopher G. Sharp, acting on behalf of the estate, made the highest bid which was $20,000.00. Sharp testified at trial that after crediting the note with $20,000.00 bid at the sale, a deficiency of $3,552.00 plus nine percent (9%) interest per annum thereon from the date of the sale was still owed by the Brocks.

The trial court denied all relief to both parties. No findings of fact and conclusions of law were requested or filed.

In the absence of findings of fact and conclusions of law, we must presume that the trial court made the findings necessary to support its order, if there is sufficient evidence to support such findings. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, we must consider only the evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

Coffee appeals the court's judgment that he take nothing by his counterclaim for the deficiency owing under the note, contending that he established his right to deficiency judgment as a matter of law.

The issue before us is whether Coffee is entitled to the $3,552.00 balance owing under the note after the $20,000.00 proceeds from the trustee's sale were credited to the amount due thereon.

It is the Brocks' position, and apparently that of the trial court, that Coffee was not entitled to receive the balance due on the note without first amending his pleadings to request a deficiency judgment. Coffee argues that since $20,000.00 credit was acknowledged by the testimony of Sharp, the substitute trustee, (which testimony was received without objection), this issue was tried by consent and no pleading amendment was required.

We find that Coffee properly alleged and proved all the facts essential to recovery on the note. The facts concerning the promissory note and deed of trust, both of which were introduced in evidence, were undisputed. (1) The Estate of Roy C. Coffee, deceased, is the owner and holder of the note. (2) The note was in default as of July 30, 1979, which default continued through the foreclosure of the deed of trust on May 6, 1980. (3) As of May 6, 1980, there was $23,552.00 owed by the Brocks to Coffee under the promissory note. (4) Coffee credited the Brocks for $20,000.00 which was the amount successfully bid by Coffee for the real estate at the foreclosure sale. (5) There was a deficiency owing by the Brocks to Coffee of $3,552.00.

■ Coffee proved all the facts essential to recovery on the note. The Brocks at no time denied that their signatures appeared

on the note or that the note was in default. Nor did the Brocks establish a defense. When the signatures on a promissory note are admitted or established, production of the instrument entitles the holder to recover on it unless a defense is established. *Carter v. DeJarnatt*, 523 S.W.2d 88, 91 (Tex. Civ.App.—Texarkana 1975, writ ref'd n. r. e.); Tex.Bus. & Comm.Code Ann. sec. 3.307(b) (1968).

■ We hold that Coffee was entitled to recover the balance due on the note without amending the petition to request a deficiency judgment.

In addition, we find rule 67 to be applicable in this case. Tex.R.Civ.P. 67 provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of special issues, as is provided in Rules 277 and 279."

It is clear from the record that the deficiency theory was fully developed and that both parties understood the issue was before the court. It was clear that Coffee was seeking to recover the amount due on the note after the $20,000.00 had been credited thereon. No objection was made by the Brocks, and the court implied that no amendment would be necessary if the full amount of the note due and owing was proved after proper credit was given for the proceeds received in the trustee's sale.

Coffee's point is sustained.

We reverse the trial court's judgment as to Coffee and render judgment for Coffee in the amount of $3,552.00 plus nine percent interest (9%) per annum from date of judg-ment below. *American Paper Stock Company v. Howard*, 528 S.W.2d 576 (Tex.1975).

By three points of error, the Brocks contend that the trial court erred in failing to order Coffee to specifically perform his agreement to release from his deed of trust and vendor's lien 1.739 acres from the tracts of land.

It is not disputed that the note and deed of trust provided that the Brocks were entitled to a release of three acres from any tract upon the payment of the first installment. The Brocks contend that the first installment had been paid, and Coffee released 1.261 acres of land pursuant to the adverse claim settled in 1978, but that in violation of his contract, Coffee refused to recognize Brock's right to any additional release. The Brocks further contend that although Coffee's obligation was clear the trial court refused to compel Coffee to specifically perform his agreement to give Brock clear title to an additional 1.739 acres of land.

There is no evidence that any demand was ever made by the Brocks for release of any specific acreage. In their petition, the Brocks sought partial release of lien on 1.74 acres of their selection. There is no description of the land allegedly due to be released to the Brocks. No survey or any other designation of acreage to be released was shown to have ever been presented to Coffee by the Brocks and none is indicated by the deed of trust itself.

In *Williams v. Harris County Houston Ship C. Nav. Dist.*, 128 Tex. 411, 99 S.W.2d 276 (1936) the Texas Supreme Court held that when the specific acreage to be released is not designated in the deed of trust itself and no particular tract is described or designated in the pleadings and no evidence whatever is offered at trial to guide the court in determining what acres are to be cut off from the larger tract, "[w]e cannot reverse an errorless judgment, and it clearly cannot be held that the trial judge erred in not himself undertaking to select and describe certain acres which might equitably be taken out from under the lien when there were neither pleadings nor evidence

to guide him." *Id.* 99 S.W.2d at 281. In the same opinion, the Court held that where no request to release was made until the property had been foreclosed, such request was made too late.

We hold that the Brocks were not entitled to a release of any acreage pursuant to the release agreement in the note and deed of trust due to the fact that they failed to make timely demand for release or to designate specifically the land which was to be released under the agreement.

The Brocks' first three points are overruled.

By a fourth point the Brocks contend that the trial court erred in refusing to admit in evidence plaintiff's exhibit no. 15 which they allege is material and relevant to establish that they had not waived their right to the additional release.

Plaintiff's exhibit no. 15 which is the proposed modification agreement prepared by the Brocks' attorney and signed by the Brocks but subsequently rejected by Coffee makes no mention of any request for release of any of the property in question. We find the exhibit immaterial and irrelevant to establish that the Brocks had not waived their right to an additional release. The trial court did not err in refusing to admit the exhibit. However, if there is such error, we find it to be harmless in that it did not amount to such a denial of the rights of the Brocks as to cause rendition of an improper judgment. Tex.R.Civ.P. 434.

The Brocks' fourth point is overruled.

By their fifth, sixth, seventh, and eighth cross-points, the Brocks contend that the trial court's refusal to set aside the foreclosure sale was against the great weight and preponderance of the evidence in that the evidence established that Coffee did not give the Brocks notice of his intention to accelerate the note or of acceleration of the note prior to the foreclosure sale or an opportunity to cure their default after demand prior to the acceleration of the note.

The Brocks assign insufficient evidence points which require that we consider all the evidence to determine whether the finding of the existence of the fact is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).

The deed of trust contains an acceleration and waiver clause which provides upon default that the "[B]eneficiary may elect, Grantors hereby expressly waiving presentment and demand for payment, to declare the entire principal indebtedness hereby secured with all interest accrued thereon and all other sums hereby secured immediately due and payable, . . . ."

Considering all the evidence, we find that Coffee properly exercised his right to accelerate the note. There is sufficient evidence that Coffee made demand of the Brocks for payment of the delinquent installment although not required, gave the Brocks an opportunity to cure, and notified the Brocks of his intent to accelerate the note on at least two and possibly three occasions.

The Brocks cite several cases setting forth the requirements of notice, acceleration, presentment, and demand, all of which were either satisfied or waived in the instant case. The essence of the requirements in the cases cited by the Brocks is that they were entitled to sufficient notice to afford them an opportunity to pay the accelerated note off and retain the land. We find the evidence sufficient to establish that the Brocks were given both an opportunity to cure the default and an opportunity to pay off the accelerated note and retain the land.

We overrule the Brocks fifth, sixth, seventh, and eighth points.

We affirm the trial court's judgment as to the take nothing judgment against the Brocks.

The trial court's judgment as to Coffee is reversed and judgment is rendered that the Estate of Roy C. Coffee, Sr. recover of and from the Brocks the sum of $3,552.00 with interest at nine percent (9%) per annum

from date of the trial court's judgment, November 11, 1980, which represents the balance owing on the note which is the basis of this lawsuit.