NO. 07-00-0573-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 14, 2001



______________________________




LADONNA CAROL COOK, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 177TH DISTRICT COURT OF HARRIS COUNTY;



NO. 831191; HONORABLE CAROL DAVIES, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Upon a plea of not guilty, appellant Ladonna Carol Cook was convicted by a jury
of injury to a child and punishment was assessed by the jury at ten years confinement. 
Appellant timely appealed her conviction. Both the clerk's record and the reporter's record
have been filed. Appellant's brief was due to be filed no later than March 29, 2001, but
has yet to be filed. Also, no motion for extension of time has been filed. By letter dated
May 21, 2001, this Court notified appellant's counsel, Mr. Donald R. Tonroy, of the defect
and also directed Mr. Tonroy to explain to this Court by June 1, 2001, why the brief has
not been filed. Mr. Tonroy did not respond and the brief remains outstanding.

 Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant is indigent and entitled to appointed counsel;

 

 3. whether counsel for appellant has abandoned the appeal; and

 

 4. whether appellant has been denied effective assistance of counsel
given his attorney's failure to file a brief.



The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal and is indigent, then the trial court shall also take
such measures as may be necessary to assure appellant effective assistance of counsel,
which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Monday, August 13,
2001.

 It is so ordered.


 Per Curiam



Do not publish.



nce on this power of
attorney.



As of October 1, 1990, Ledrick and Kenney had conducted business with the Bank for
several years and Ledrick had maintained certificates of deposit there and Kenney had
farm loans and a checking account. 

 Before Ledrick revoked the power of attorney on March 29, 1998, as material here,
the Bank made six loans to John Kenney, attorney-in-fact for Paul C. Ledrick. By its live
pleading, the Bank sought to recover on the loans against Ledrick as follows:

 a) August 5, 1997, loan no. 902433 in the original principal amount of
$100,000;


 b) October 8, 1996, loan no. 902122 in the original principal amount of
$35,000;


 c) January 16, 1997, loan no. 902434 in the original principal amount of
$23,000;


 d) August 5, 1997, loan no. 903075 in the original principal amount of
$25,000;


 e) January 2, 1998, loan no. 903521 in the original principal amount of
$5,000; and


 f) January 7, 1998, loan no. 186484 in the original principal amount of
$4,439.52.



On May 29, 1998, (3) the Bank filed suit to recover on the notes and foreclose its collateral
against Ledrick and Kenney. By his pleadings, the Executor alleged failure of
consideration and other affirmative defenses or claims not material here; however,
misappropriation of funds is raised for the first time on appeal.

 Following rendition of the judgment that the Bank recover on the notes against the
Executor, in addition to other findings of fact, the trial court made the following findings:


 Ledrick executed the general power of attorney to Kenney.


 


 The power of attorney was prepared by Ledrick's attorney.

 Beginning on August 18, 1992, the Bank commenced making loans
to Kenney, POA for Ledrick, and eventually the six loans set out
above were made to John Kenney, POA for Paul C. Ledrick.


 


 All of the loans were in default and the Bank had given proper notice
to Kenney and Ledrick.
 The Bank was the owner and holder of the six notes. 

 Ledrick revoked the general power of attorney on March 29, 1998.

 As of the date of trial, the total principal and accrued interest on the
notes was $265,341.39.


 

 

Where, as here, these findings are not challenged, this Court is bound by them unless the
contrary is established as a matter of law or there is no evidence to support the findings. 
McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); see also Northwest Park
Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.-Amarillo 1998, pet.
denied).

 

 We will consider the Executor's issues in a logical rather than sequential order. 
Issues two and four are directed at misappropriation of funds; thus, we will consider them
together. By his second issue, the Executor argues the trial court erred in concluding as
a matter of law that there was insufficient evidence to show that the Bank had knowledge
of the misappropriation of the funds under the power of attorney. By his fourth issue, he
contends the trial court erred in not finding the Bank liable for aiding Kenney in
misappropriating funds held in trust under the power of attorney when the evidence
showed that the Bank had knowledge that Kenney was using the funds for his personal
benefit and to the detriment of Ledrick. 

 In reply to these issues, the Bank contends that because the affirmative defense
of misappropriation was not alleged in the trial court it is waived. We agree. The office of
pleadings is to define issues at trial. Murray v. O & A Express, Inc., 630 S.W.2d 633, 636
(Tex. 1982). Also, in Sandridge v. Merritt, 581 S.W.2d 247, 249 (Tex.Civ.App.--Amarillo
1979, no writ), we held that defensive theories not presented in the trial court may not be
raised as a new theory for the first time on appeal. See Scurlock Permian Corp. v. Brazos
County, 869 S.W.2d 478,483 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Issues not
raised in the trial court may not be raised for the first time on appeal. See City of San
Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986). 

 Moreover, by paragraph 9 of the power of attorney, Ledrick ratified all acts of the
attorney and then by paragraph 11, Ledrick agreed to indemnify and hold the Bank, a third
party, harmless against any claim or demand arising in connection with its reliance on the
power of attorney. Accordingly, even assuming that Kenney commingled loan proceeds,
because of Ledrick's ratification and indemnification and, where, as here, as between two
innocent parties, the loss should be placed on the party that mistakenly created the
situation and was in the best position to have avoided it. Because the Bank's loans were
extended in reliance on the power of attorney which Ledrick executed, the Executor's
second and fourth issues are overruled. Holden Business Etc. v. Columbia Med. Etc., 83
S.W.3d 274, 278 (Tex.App.--Fort Worth 2002, no pet.). 

 By his first issue, the Executor argues the trial court erred in finding that the Bank's
insufficient knowledge of Kenney's actions was a conclusion of law when the issue was
really one of a finding of fact. Then, by his third issue, he argues the trial court erred in
concluding that there was insufficient evidence to show the Bank had knowledge of
misappropriation of funds under the power of attorney. Because these two issues also
concern misappropriation of funds, our disposition of the second and fourth issues
pretermits our consideration of these two issues.

 Although the Executor alleged fraud and failure of consideration in the trial court, 
on appeal he does not challenge the findings of fact or the failure of the trial court to make
findings regarding his fraud or failure of consideration defenses. Also, he does not contend
that the promissory notes were not signed, that the Bank was not the holder and owner of
the notes, nor that they remained unpaid. Because the signatures on the promissory notes
were established, production of the instruments entitled the Bank to recover thereon in the
the absence of defenses being established by the Executor. See Tex. Bus. & Com. Code
Ann. § 3.307(b) (Vernon 2002); Sharp v. Brock, 626 S.W.2d 166, 169 (Tex.Civ.App.--Fort
Worth 1981, no writ). Issues one and three are overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 





 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.1.
3. Ledrick died on January 14, 2000, and the Executor was substituted at the time of
trial. After a judgment against Kenney was signed, that judgment was severed into another
proceeding and the case against the Executor proceeded to trial.