United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-10878

INTERNATIONAL TRANSACTIONS LIMITED,
A Cayman Islands Corporation,

Plaintiff-Appellant,

versus

EMBOTELLADORA AGRAL REGIOMONTANA,
SA de CV; AGRAL ARRENDADORA, SA de CV;
AGRAL COMISIONISTA Y DISTRIBUIDORA,
SA de CV; AGRAL INMOBILIARIA, SA de CV;
GRUPO EMBOTELLADOR NORESTE, SA de CV;
PEPSI-GEMEX, SA de CV,

Defendants-Appellees.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 04-10878)

ON PETITION FOR REHEARING

Before REAVLEY, JOLLY and PRADO, Circuit Judges.

REAVLEY, Circuit Judge:[*]

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances

1

The petition for rehearing by Appellees is granted and the following is substituted for the panel opinion:

The judgment of the district court, dismissing on the ground that ITL lacked standing, is vacated for the following reasons:

1. Article III standing requires: (1) an injury in fact suffered by the plaintiff; (2) causally related to the defendant's conduct; and (3) substantially likely to be redressed by a judgment in the plaintiff's favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The district court found the second and third elements of Article III standing lacking after it concluded that Sharp had validly assigned the Award and Note to Cañamar in August 1998, leaving nothing for the Special Master to assign to ITL in 1999 and nothing for ITL to enforce against the Agral defendants in this suit. In reaching that conclusion, the district court determined that Sharp was the sole owner of the Award and had full power to assign it. ITL contests the findings that Sharp was the sole owner of the Award and that the assignment of the Award to Cañamar was valid.

2. The parties dispute whether the law of Mexico or Texas applies to this case. ITL urges Texas law, while defendants contend that Mexican law applies.

set forth in 5TH CIR. R. 47.5.4.

2

The district court did not address the choice of law issue, but instead applied Texas law "to give ITL the benefit of the doubt." For the reasons stated below, we conclude that Texas law does not support the district court's reasoning and vacate and remand for that reason. Because the choice of law issue is complex and the parties have inadequately addressed the issue before this court, we leave it to the district court to determine the correct choice of law, if necessary.

3. Whether ITL has standing depends on whether it currently owns the Award as a result of the assignment from the Special Master or whether GEN currently owns it as a result from the earlier assignments from Sharp to Cañamar and then from Cañamar to GEN. Ownership of the Award, in turn, depends on whether Sharp owned all interest in the Award or whether ITL had beneficial ownership. If ITL had beneficial ownership, current ownership depends on whether Cañamar and GEN were bona fide purchasers and thus have an ownership interest in the Award superior to ITL's equitable interest, or whether ITL gave Sharp authority to assign the Award. If Sharp owned all interest in the Award or otherwise had authority to assign it, current ownership depends on whether its assignment to Cañamar failed for lack of consideration or because Sharp's president, Gutierrez, did not have authority from Sharp to make the assignment.

In the first step of this analysis, the district court found that Sharp was the

3

sole owner of the Award, because the arbitrator issued the Award in only Sharp's name. Solely on this basis, the district court reasoned that the arbitrator conferred no interest to ITL and that Sharp was the Award's principal owner as to third parties and could freely assign it. ITL argues that the undisputed evidence in the district court established that Sharp was merely the Note's holder, not its owner, and that it prosecuted the arbitration as the Note's holder. Consequently, ITL argues, it received the Award only as holder of ITL's beneficial interest.

We agree with ITL that, assuming that Sharp acted as ITL's agent in purchasing the Note or that Sharp purchased the Note with ITL's funds, it had a beneficial interest in the Award under Texas law.[1] In Texas, "[a] resulting trust is implied in law when someone other than the person in whose name title is taken pays the purchase price," *Nolana Dev. Ass'n v. Corsi*, 682 S.W.2d 246, 250 (Tex. 1984), or when "property was purchased by one occupying a representative or fiduciary capacity, so that the purchase necessarily inured to the benefit of his principal," *Elbert v. Waples-Platter Co.*, 156 S.W.2d 146, 150 (Tex. Ct. App.

---

[1] In reviewing this dismissal for lack of subject matter jurisdiction, we take ITL's allegations of facts not yet determined by the district court as true. *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). We do not ultimately determine whether Sharp acted as ITL's agent in purchasing the Note, whether Sharp used ITL's funds to purchase the Note, or whether ITL was the "unknown investor" on whose behalf Sharp prosecuted the arbitration.

4

1941). Courts employ the doctrine to prevent unjust enrichment. *Nolana*, 682 S.W.2d at 250. Any type of property, including a promissory note, may be subject to a resulting trust. *Crume v. Smith*, 620 S.W.2d 212, 215 (Tex. Ct. App. 1981). The party who furnished the purchase price is deemed the equitable owner of the property. *Cohrs v. Scott*, 338 S.W.2d 127, 130 (Tex. 1960).

For purposes of their motion to dismiss and the current appeal, defendants do not dispute that Sharp acted as ITL's agent in purchasing the Note and did so with ITL's funds. Assuming those facts, according to the above principles, ITL became the equitable owner of the Note. To sustain the district court's finding that Sharp became sole owner of the Award, we would have to hold that, because Sharp maintained the arbitration and received the Award in its own name, ITL's beneficial ownership was extinguished. We are aware of no authority supporting such a holding. Texas law allows the holder of a negotiable instrument to seek enforcement of the instrument even though she is not the beneficial owner. TEX. BUS. & COMM. CODE ANN. § 3.301 (Vernon 2002); *Carter v. DeJarnatt*, 523 S.W.2d 88, 90-91 (Tex. Ct. App. 1975). Where the holder of a promissory note avails herself of that rule, she does not thereby divest the beneficial owner of his interest. *See id.* at 91 (directing that judgment in an action to enforce a promissory note be entered in favor of the note's holder as trustee where the holder had pleaded

5

that she was not the note's beneficial owner).  Here, the Note, in which ITL had beneficial ownership, required enforcement through arbitration.  Sharp clearly maintained the arbitration as holder of the Note for the benefit of the "unknown investor" (ITL), relying on Business and Commercial Code § 3.301.  Thus, the Award in Sharp's favor also inured to ITL's benefit.[2]

4.  Because Sharp possessed only legal title to the Award under Texas law, the assignment from Sharp to Cañamar did not pass ITL's equitable interest unless Sharp possessed actual or apparent authority from ITL to assign the Award.  *Kirby Forest Indus., Inc. v. Dobbs*, 743 S.W.2d 348, 354 (Tex. Ct. App. 1987) ("An assignee takes only such title to the thing assigned as existed in the assignor at the time of assignment.").  Contrary to defendants' assertions in their briefs and at oral argument, the district court did not determine that Sharp possessed apparent authority to assign the Award on behalf of ITL.[3]  Instead, the court concluded that Sharp could assign based on its erroneous determination that Sharp was the

---

[2] The arbitrator's failure to note Sharp's representative capacity in the Award itself did not extinguish ITL's beneficial interest.  The arbitrator merely enforced the Note and made no determination regarding the rights of the beneficial owner in the Award.  The Award was entered in favor of Sharp because Sharp had maintained the arbitration, not because the arbitrator had concluded that Sharp was the Award's sole owner.

[3] The district court discussed apparent authority only in determining that Gutierrez, Sharp's president, had authority to assign the Award on behalf of Sharp.

6

Award's sole owner.

5. In sum, we decide this appeal under Texas law. However, on remand we ultimately leave it to the district court to determine whether Texas law or Mexican law is to be applied in this case. Under Texas law, we only decide that, assuming that Sharp acted as ITL's agent in purchasing the Note or that it did so with ITL's funds, ITL retained a beneficial interest in the Award at the time it was issued; all other issues arising from facts or alleged facts occurring after that point in time, including whether Sharp had actual or apparent authority to assign the Award to Cañamar, whether Gutierrez has authority from Sharp to make the assignment to Cañamar, and whether Cañamar and GEN were bona fide purchasers for value without notice we leave to the district court to decide on remand, if necessary. If the district court determines that Mexican law is applicable, we can offer no guidance, since the district court has not yet considered the case in this light. Consequently, we vacate the order of dismissal and remand to the district court for disposition consistent with this opinion.

VACATED and REMANDED.