COMMUNITY MUTUAL INSURANCE COMPANY, Appellant,

v.

William R. OWEN, Appellee.

No. 01–90–00542–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1991.

Rehearing Denied Feb. 28, 1991.

Dwayne Newton, Houston, for appellant.

David S. Ross, Warren W. Harris, Houston, for appellee.

Before EVANS, C.J., and O'CONNOR and HUGHES, JJ.

## OPINION

O'CONNOR, Justice.

The resolution of this case depends on the legal effect of mistake of fact and mistake of law. We reverse the summary judgment granted to William Owen and remand the cause for further proceedings.

William Owen's wife was hospitalized at Memorial City General Hospital for three months in 1986, where she died on October 24, 1986. During the hospitalization, Mrs. Owen incurred charges of $49,820.30. On September 4, 1987, plaintiff, Community Mutual Insurance Company, Owen's insurer, issued a check to Owen in the amount of $49,820.30. Later the same month, the insurance company issued another check to the hospital for the same amount for the same charges.

After making unsuccessful demands for payment from both Owen and the hospital, the insurance company filed suit against Owen, asserting he did not pay the hospital and refused to refund the money. The insurance company claimed Owen converted the funds and his retention of the funds unjustly enriched him. Owen generally denied these assertions.

The insurance company filed a motion for summary judgment asserting the uncontroverted summary judgment evidence established, as a matter of law, its allegations of unjust enrichment and conversion. In his response, Owen claimed the insurance company's claims were barred because it had made a mistake of law, and on the same grounds, moved for summary judgment. After considering both motions for summary judgment, the trial court denied the insurance company's motion and granted Owen's motion. The trial court did not state its reasons for granting the summary judgment in its order. The insurance company appeals.

## I. Standard of review

■ The trial court granted summary judgment for Owen, the defendant. A defendant who moves for summary judgment assumes the burden of showing, as a matter of law, that plaintiff cannot prove at least one element of its cause of action. *Citizens First Nat'l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976); *Rabe v. Guaranty Nat'l Ins. Co.*, 787 S.W.2d 575, 577 (Tex.App.—Houston [1st Dist.] 1990, writ requested).

When the defendant moves for a summary judgment on the plaintiff's cause of action, the defendant assumes the burden of showing as a matter of law the plaintiff has no cause of action. *Rogers v. R.J. Reynolds Tobacco Co.*, 761 S.W.2d 788, 793 (Tex.App.—Beaumont 1988, writ denied). The defendant must disprove the plaintiff's cause of action as pled. *Rogers*, 761 S.W.2d at 795. If the defendant cannot meet that burden, the defendant is not entitled to a summary judgment. *Griffin v. Rowden*, 654 S.W.2d 435, 436 (Tex.1983).

In deciding whether defendant met his burden, we apply the following rules: (1) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference will be indulged in favor of the nonmovant and any doubts will be resolved in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ When, as here, a summary judgment does not specify the ground upon which the court granted it, we will affirm the judgment if there is any ground that will support the judgment. *Rabe*, 787 S.W.2d at 576; *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

Owen, the defendant, moved for summary judgment on the grounds that when the insurance company paid for his wife's hospitalization twice, it was a mistake of law, and thus the insurance company could not recoup payment from defendant. The insurance company asserts the summary judgment proof did not prove it made a mistake of law, and, in fact, there was no evidence indicating what manner of mistake it made in paying Owen. The insurance company claims that for Owen to prevail on his mistake of law theory, he was required to prove the insurance company made the double payment with full knowledge of all the facts. Finally, the insurance company claims Owen failed to offer any summary judgment evidence to negate its causes of action for conversion and unjust enrichment.

## II. Summary judgment proof

Because both the insurance company and Owen moved for summary judgment, the trial court could consider all the summary judgment evidence filed with the motions. *Dallas County Appraisal Dist. v. Institute for Aerobics Research*, 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied).

A synopsis of the summary judgment evidence is: The insurance company paid both the hospital and Owen for the same charges; Owen endorsed the check for $49,820.30, deposited it into his account, and did not pay the hospital; the insurance company wrote a number of letters to first, the hospital and then, to Owen, asking them to return the funds; in the letters, the insurance company said it issued the check to the hospital "in error," and later in a letter to Owen, it said it issued the check to him "in error."

## III. Mistake of fact distinguished from one of law

■ In points of error one and two, the insurance company asserts the trial court erred in granting summary judgment because Owen's summary judgment evidence did not establish the insurance company committed a mistake of law in paying the hospital.

■ The general rule is that the courts will not relieve a party of the effects of a mistake of law. *Furnace v. Furnace*, 783

S.W.2d 682, 686 (Tex.App.—Houston [14th Dist.] 1989, writ dism'd w.o.j.). The courts will, however, relieve a party of the effects of a mistake of fact. Annotation, *Right of Insurer Under Health or Hospitalization Policy to Restitution of Payments Made Under Mistake*, 79 A.L.R.3d 1113, 1116 (1977). A mistake of fact means any mistake except a mistake of law. *RESTATEMENT OF RESTITUTION* § 7 (1936). A mistake of law means a mistake as to the legal consequences of an assumed state of facts. *Id.* The *RESTATEMENT* § 6 defines a mistake as a "state of mind not in accord with the facts."

■ The general rule is that a party who has paid funds due to a mistake of fact is entitled to restitution, if the receiving party has not materially changed its position in reliance on the payment. *Bryan v. Citizens Nat'l Bank in Abilene*, 628 S.W.2d 761, 763 (Tex.1982); *Singer v. St. Paul Mercury Ins. Co.*, 478 S.W.2d 579, 583 (Tex.App.—San Antonio 1972, writ ref'd n.r.e.). In *Bryan*, citing the *RESTATEMENT OF RESTITUTION* § 1 (1936), the supreme court said the purpose of restitution is to prevent unconscionable loss to the party paying out the funds and unjust enrichment to the party receiving the funds. 628 S.W.2d at 763.[1]

It is clear the insurance company made the double payment under the mistaken impression the debt was still outstanding. The letters included in the transcript as part of the summary evidence all attest to a mistake of fact. Owen believes that the mistake inures to his benefit. We do not agree.

We sustain the insurance company's points of error one and two.

## IV. The third point of error

In point of error three, the insurance company contends the trial court erred in granting the summary judgment because Owen did not negate the alternatively pled cause of action of conversion. Because we sustained points one and two, we do not need to reach point three.

## V. The insurance company's motion for summary judgment

■ In point of error four, the insurance company contends the trial court should have granted its motion for summary judgment on the theory of unjust enrichment. The denial of a motion for summary judgment, generally, is not subject to appellate review. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). When, however, both parties file motions for summary judgment and one motion is granted and the other is denied, a review of the trial court's action is permitted. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (Tex.1958). In such a case, the appellate court may determine all questions presented, including the propriety of the order overruling the losing party's motion. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *Teledyne Isotopes, Inc. v. Bravenec*, 640 S.W.2d 387, 389 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

---

1. An insurer, having paid the same debt twice, is faced with a difficult question—from whom should it seek repayment, the hospital or the insured? That problem was recently played out in two companion cases that began as one lawsuit. *See Lincoln Nat'l Life Ins. Co. v. Brown Schools, Inc.*, 757 S.W.2d 411, 413 (Tex.App.—Houston [14th Dist.] 1988, no writ), and *Lincoln Nat'l Life Ins. Co. v. Rittman*, 790 S.W.2d 791, 793 (Tex.App.—Houston [14th Dist.] 1990, no writ). In the beginning, the insurance company filed suit against both the hospital and the insured for overpayment. The suit against the hospital was resolved by partial summary judgment in favor of the hospital, which the trial court severed and the insurance company appealed (*Lincoln I*). In the *Lincoln I* appeal, the court of appeals held that, as between the hospital who provided the services and the insurance company, the insurance company should bear the loss. 757 S.W.2d at 413. Following the issuance of *Lincoln I*, the insurance company proceeded to judgment in a non jury trial suit against the insured, and again lost (*Lincoln II*). The court of appeals again affirmed against the insurance company, this time for a combination of reasons: The stipulated evidence from the earlier hearings was not included in the record in this appeal, and general concepts of equity required a holding against the insurance company.

The insurance company asserts the summary judgment evidence establishes its right to summary judgment under the doctrine of unjust enrichment and its entitlement to a constructive trust. As the movant, the insurance company was required to prove all the essential elements of its cause of action as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Dallas County Appraisal Dist.*, 766 S.W.2d at 320.

For a party to be entitled to restitution, it must show the person sought to be charged wrongfully secured a benefit or passively received one which it was unconscionable to retain. *Corpus Christi v. S.S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247, 250 (Tex.App.—Corpus Christi 1987, writ denied). If the insurance company has grounds for either, it is that Owen passively accepted a benefit he should not have retained.

We hold that on this record, Owen passively accepted a benefit he should not have retained. Owen received the funds he knew were for the payment of his wife's hospital bill, he made no attempt to use the funds to pay the bill, and he retained the funds when he learned that the hospital had been paid by the insurance company. We do not find, however, that the insurance company proved that retaining the proceeds was, as a matter of law, unconscionable. A fact issue remains on that issue. We overrule the insurance company's fourth point of error.