Lairsen 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-289-CV





JACK M. LAIRSEN, JR.,



 APPELLANT


vs.





FREDDIE MILLER, JOHN DOYAL, JED ADAMS, BRUCE KNIERRIM,


LEW LITTLE, LEE WEBER, JAMES HAWLEY, JOSEPH RUTLEDGE,


WILLIAM WILSON, AUSTIN ENTERPRISES, INC., E. D. BOHLS,


R. E. "RALPH" JANES, FELDER "SCOOP" THORNHILL,


AND LEON STONE,




 APPELLEES




 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 452,891, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 





 This is a lender liability action arising out of business transactions between a joint-venture and a bank. Jack Lairsen, a former joint venturer, appeals from a summary judgment
favoring the defendants, all present or former officers of the bank. (1) Lairsen raised numerous
causes of action including common-law fraud, conspiracy, misrepresentation, negligence, breach
of contract, and interference with a contract. The defendants took a summary judgment, arguing
that suit was barred by limitations and that Lairsen had previously conveyed any right he may
have had to bring suit. We will affirm the judgment.



BACKGROUND


 In early 1983, Lairsen was the sole shareholder of Lake Travis Lodges Inc.
(Lodges), which owned lakefront property on Lake Travis. In April 1984, Lairsen and the
Westcom Development Co. ("Westcom") formed Mariner's Point Joint Venture (the joint venture)
for the acquisition, development, and improvement of Lairsen's lakefront property. 

 In June, the joint venture began advertising and pre-selling condominiums. Relying
upon the bank's representations that the funding for the project would be forthcoming, Lairsen
says the venturers expended money for the initial construction and development of the
condominiums; in addition, the joint venture borrowed a quarter million dollars from the bank to
buy a yacht to serve as its leasing office. In August, however, the bank rejected the venturers'
application for a $4.3 million-dollar development loan. 

 Lairsen alleges that during the same period that the bank was encouraging the
venturers to proceed with the condominiums, its officers were conspiring to obtain an interest in
the venture. He names certain bank officers, the bank, and the Austin Enterprises, Inc., an
investment company formed by former bank officers, as co-conspirators in a plan to gain a
controlling interest in the development and to oust the original venturers from the project. Lairsen alleges that Austin Enterprises enjoyed an "insider" relationship with the
bank because many of Austin Enterprises' principals were former bank officers. He claims that
the bank rejected the venture's loan application while simultaneously providing Austin Enterprises
with the venture's confidential financial information. In this way, says Lairsen, Austin
Enterprises would be able to offer the venture an "alternative" means of financing the project that
included gaining a pecuniary interest in the venture. Ultimately, after lengthy negotiations, the
joint venturers rejected Austin Enterprises' proposed financing. 

 Negotiations with the bank resumed. In November 1984, the bank agreed to loan
the venture $4,375,000 if it could raise an additional $500,000 in equity capital. To meet this
condition, Lairsen and Westcom conveyed a fifty-percent interest in the venture to a limited
partnership, Mariner's Investors Limited (Investors). The joint venture then purchased the
lakefront property from Lake Travis Lodges, Inc., in exchange for a promissory note for
$1,000,000 and signed a promissory note to the bank to secure the $4,375,000 loan. 

 The bank allegedly advanced only $600,000 to the joint venture. Due to the lack
of funds, all construction on the project ceased by the Spring of 1985. Lairsen claims that when
the venturers informed the bank of their intent to seek alternate financing, the bank threatened to
accelerate the individual venturers' other existing notes. The bank then attempted to foreclose on
the property, furthering the alleged conspiracy to divest the venturers of their interest in the
condominiums.

 In October 1985, Lairsen sold his interest in the venture to the remaining venturers. 
In exchange for his twenty-five percent interest, Lairsen received $50,000 and a release from all
liabilities and debts that the venture had incurred. In addition, the venture paid $750,000 in cash
to Lodges in satisfaction of the promissory note by which the joint venture had purchased the
lakefront property. Under the terms of the sale, Lairsen surrendered any "right, title, or interest
in and to any assets of the venture." Later, the two remaining venturers filed a lender liability
suit against the bank on behalf of the joint venture; the matter eventually settled. In this
subsequent suit, Lairsen asserts the same causes of action pled in the joint venture's suit. From
an adverse summary judgment, Lairsen appeals in three points of error.



STANDARDS OF REVIEW


 In order for summary judgment to be proper, appellees must establish that they are
entitled to judgment as a matter of law and that there is no genuine issue of material fact. Nixon
v. Property Management Co., 690 S.W.2d 548, 548-49 (Tex. 1985). In reviewing the summary
judgment, we must view the evidence in the light most favorable to Lairsen, the non-movant, and
resolve all doubts and inferences in his favor. Id. at 548-49. If a summary judgment does not
specify the grounds upon which it is based, a reviewing court will affirm the judgment if there is
any ground in the motion that will support the judgment. Community Mut. Ins. Co. v. Owen, 804
S.W.2d 602, 604 (Tex. App. 1992, writ denied).



ANALYSIS


 The defendants' motion for summary judgment contained two separate grounds to
defeat Lairsen's claims: (1) that limitations barred this suit; and (2) that having conveyed his
interest in the venture, Lairsen no longer owned any cause of action upon which to sue. In his
response to their summary judgment motion, Lairsen addressed defendants' limitations argument
but declined to address the second ground, that he had conveyed his right to sue. Without
indicating the basis for its decision, the district court granted summary judgment in favor of
defendants.

 When an order fails to state the grounds on which summary judgment was granted,
the party appealing from the judgment must show that each of the independent grounds alleged
in the motion for summary judgment is insufficient to support the judgment. McCrea v. Cubilla
Condominium Corp., 685 S.W.2d 755, 757 (Tex. App. 1985, writ ref'd n.r.e.). In responding
to the motion for summary judgment in the trial court, Lairsen challenged the limitations argument
but failed to attack the assertion that he had conveyed his right to bring suit.

 The only issues reviewable on appeal from a summary judgment are those issues
expressly presented to the trial court in a written motion, answer or response. See Tex. R. Civ.
P. Ann. 166a(c) (Supp. 1992) ("Issues not expressly presented to the trial court by written motion,
answer or other response shall not be considered on appeal as grounds for reversal."). In points
of error one and three, Lairsen complains that the court erred in rendering summary judgment on
the ground that he had conveyed his right to bring this suit. He argues that there is a genuine
issue of material fact as to whether or not he conveyed his interest in the joint venture because of
the fraudulent or tortious acts of defendants. Because Lairsen did not present this fact issue to the
trial court in response to the motion for summary judgment, he may not raise it for the first time
on appeal. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-679 (Tex.
1979). Lairsen argues in his brief that his pleadings brought this issue to the trial court's
attention. Pleadings do not constitute summary judgment proof.



[Rule 166a(c)] requires that contentions be expressly presented in the written
motion or in a written answer or response to the motion, and pleadings are not to
be considered in determining whether fact issues are expressly presented in
summary judgment motions.



Id. at 678. We hold that Lairsen has waived the right to defeat the summary judgment on the
ground that he had conveyed away his right to sue. We overrule the first and third points of
error.



CONCLUSION


 We must affirm the trial court if any of the grounds urged by the movants furnishes
legally sufficient grounds to support the summary judgment. We conclude that the second ground
of the motion, that appellant had conveyed his interest in the joint venture and his right to bring
suit, was legally sufficient to support this summary judgment and therefore we need not discuss
the point of error addressing limitations. We affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 26, 1992

[Do Not Publish]

1. The bank itself is no longer a party to this suit. Lairsen had initially sued InterFirst
Bank; in the interim, First Republicbank Austin succeeded InterFirst. The FDIC then
declared First Republicbank insolvent and assigned its assets to NCNB Texas National
Bank. After subsequently declaring NCNB insolvent as well, the FDIC intervened in
Lairsen's suit to defend against his claims. The cause was transferred to federal district
court but was later dismissed and remanded to state district court after Lairsen indicated
that the only remaining claims would be brought against the individual defendants for
their alleged ultra vires acts and for fraud. For simplicity's sake, however, we will refer
to all the defendants collectively as "the defendants" or "the bank."