CV4-450 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00450-CV







Dan Thomas, Appellant



v.



O. L. McCotter, S. O. Woods, Michael W. Moore, and Michael Wilson, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 452,254, HONORABLE HUME COFER, JUDGE PRESIDING







PER CURIAM


 Dan Thomas, acting pro se, (1) sued appellee prison officials in their official and
individual capacities (collectively, the "State"). Appellant complains that, although a "mandatory
supervision certificate" (2) had been issued, the State nevertheless improperly continued to confine
him. The trial court granted summary judgment for the State. We will affirm the trial-court
judgment.

 Appellant brings two points of error. In his first point of error, he contends that
the trial court erred in granting the State's motion to dismiss the lawsuit as frivolous. In his
second point of error, he contends that the trial court erred in granting summary judgment for the
State. The summary judgment order contained in the record states that the court granted summary
judgment for the State and specified the court did not reach the motion to dismiss the cause as
frivolous. (3) We overrule point of error one.



Summary Judgment


 On review of a summary judgment, the movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and it is entitled to summary
judgment as a matter of law. Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546,
548-49 (Tex. 1985). The dispositive issue is not whether the summary judgment proof raises fact
issues, but whether the summary judgment proof establishes as a matter of law that there is no
genuine issue of material fact. See Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970). For a defendant-movant to obtain a summary judgment, it must disprove, as a matter of
law, one essential element of each of plaintiff's causes of action. Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991); Toungate v. Bastrop Indep. Sch. Dist., 842 S.W.2d 823, 825 (Tex.
App.--Austin 1992, no writ).

 In a summary judgment proceeding, the non-movant must, in a written answer or
response to the motion, expressly present to the trial court those issues that would defeat the
movant's right to a summary judgment and failing to do so may not later assign them as error on
appeal. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex. 1979). When
the moving party establishes facts entitling it to prevail, the trial court will not deny a motion for
summary judgment because the opposing party, without producing evidence, has merely alleged
matters which require a different judgment be rendered. American Petrofina, Inc. v. Allen, 887
S.W.2d 829, 830 (Tex. 1994); Kuper v. Schmidt, 338 S.W.2d 948, 951 (Tex. 1960).

 The State moved for summary judgment on multiple grounds. The trial court did
not specify the ground on which it granted the summary judgment. Therefore, we affirm the
summary judgment if there is any ground that will support it. Community Mut. Ins. Co. v. Owen,
804 S.W.2d 602, 604 (Tex. App.--Houston [1st Dist.] 1991, writ denied); see Snyder v. Eanes
Indep. Sch. Dist., 860 S.W.2d 692, 695 (Tex. App.--Austin 1993, writ denied).



The Claim


 The Board of Pardons and Paroles issued a "mandatory supervision certificate"
October 14, 1986 concerning appellant's sentence that was scheduled to end March 28, 1987. At
that time, appellant had been indicted in cause number 16,687 for assault on a corrections officer. 
He was sentenced to fifteen years' imprisonment on December 1, 1986. Appellant subsequently
was convicted of assault on a corrections officer in cause number 20,692 on January 30, 1992,
and sentenced to not less than twenty-five years, to begin after the end of his sentence in cause
16,687. According to the affidavit introduced as part of the State's summary judgment evidence,
appellant is not scheduled to be released until 2087. Appellant does not complain about the
propriety of these sentences or his current confinement. He specifically limits his claim to the
period between October 14, 1986, the date the mandatory supervision certificate was issued, and
December 1, 1986, the date his confinement under the sentence imposed in cause 16,687 began. 
Further, appellant acknowledges that he would have been released to custody in Brazoria County,
where he was under indictment and a capias had issued.

 The State interprets appellant's petition as pleading a claim for damages based on
the Texas Constitution. The State of Texas does not recognize a "constitutional tort" based on
its constitution. City of Beaumont v. Bouillion, 896 S.W.2d 143, 150 (Tex. 1995); Bagg v.
University of Texas Medical Branch, 726 S.W.2d 582, 584 n.1 (Tex. App.--Houston [14th Dist.]
1987, writ ref'd n.r.e.).

 Appellant alleges that the State's act in failing to release him constitutes false
imprisonment. The elements of a claim for false imprisonment are: (1) wilful detention of the
plaintiff; (2) without the plaintiff's consent; and (3) without authority of law. Sears, Roebuck &
Co. v. Castillo, 693 S.W.2d 374, 375 (Tex. 1985). The State's summary judgment evidence
negated at least one element of a false imprisonment cause of action.

 The State presented uncontroverted affidavit evidence about the mandatory
supervision program in effect at the time of this cause. Under that program, the Board issued a
release certificate and forwarded it to the relevant prison official, who then reviewed the
certificate. At that point, if the prison official had information that might not have been before
the board, such as recent prison disciplinary records, (4) he would return the certificate to Board,
who could accept its return or re-issue it. In this cause the Board accepted the return.

 The evidence shows that the State did not confine appellant without authority of law
during the six-week period involved, but rather invoked an established procedure to review the
certificate before appellant had any possible entitlement to release. Further, appellant admits that
he would have been released from confinement in the prison system to lawful confinement in the
Brazoria County Jail, as he was under indictment for assault and a capias had issued. He asserts
that he might have been able to secure bail from the county jail. However, appellant offered no
evidence that he would have been able to do so. (5) Appellant's assertion that he might have been
able to secure release on bail does not overcome the State's proof that he was lawfully confined.

 The State conclusively negated one element of appellant's only claim for the tort
of false imprisonment. See American Petrofina, 887 S.W.2d at 829; Kuper, 338 S.W.2d at 951. 
Appellant's allegations, made without evidentiary support, are inadequate to prevent the State
from obtaining summary judgment. American Petrofina, 887 S.W.2d at 830; Kuper, 338 S.W.2d
at 951. We overrule appellant's second point of error.

 We affirm the judgment of the trial court.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995 

Do Not Publish
1. [1]  At the time of this suit, appellant was confined in the Texas Department of Criminal
Justice, Institutional Division. He currently remains confined.
2. [2]  "Mandatory supervision" is the release of a prisoner who is not on parole from physical
custody in the Institutional Division to serve the remainder of his sentence under the
supervision and control of the pardon and paroles division. Tex. Code Crim. Proc. Ann. art
42.18, § 2(2) (West Supp. 1995). (The definition was the same at the time in question, only
found at section 2(b).)
3. [3]  Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2) (West Supp. 1995).
4. [4]  Appellant's prison records, introduced as part of the State's summary judgment
evidence, showed that he "created a disturbance" on September 9, 1986 and struck and
threatened an officer on September 10, 1986.
5. [5]  Inasmuch as appellant has prosecuted this litigation as an indigent it seems unlikely he
could have produced such evidence.