**HOLDEN BUSINESS FORMS COMPANY, Appellant,**

v.

**COLUMBIA MEDICAL CENTER OF ARLINGTON SUBSIDIARY, L.P., Appellee.**

No. 2-02-048-CV.

Court of Appeals of Texas, Fort Worth.

July 18, 2002.

---

42. *Id.* (citations omitted).

43. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 531–32 (Tex.1998).

Allan L. Durand, Lafayette, for Appellant.

Jackson Walker, L.L.P. and Monte F. James, Austin, for Appellee.

Panel B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant is a self-insured Minnesota company that offers a medical insurance plan to its employees and their spouses. On May 8, 1998, Jimmy Hughes, who was married to one of Appellant's employees, and was thus covered under its insurance plan, was driving his motorcycle and was injured when the motorcycle left the road at a high rate of speed and crashed. Appellee treated Hughes' injuries and submitted bills to Appellant for reimbursement pursuant to Hughes' medical insurance with Appellant. Appellant paid $89,710.57 to Appellee on behalf of Hughes, but thereafter learned that Hughes was legally intoxicated, with a blood alcohol level of 0.212, when he crashed his motorcycle. Appellant's medical insurance plan clearly excludes from coverage medical treatment for injuries resulting from illegal activity by the injured person, such as driving while intoxicated. Therefore, Appellant sought reimbursement of the $89,710.57 from Appellee. Appellee filed a motion for summary judgment, asserting Appellant was not entitled to reimbursement and, after a hearing on the motion, the trial court granted summary judgment in Appellee's favor. In its sole issue, Appellant argues the trial court erred by granting Appellee's motion for summary judgment. We affirm.

## SUMMARY JUDGMENT

### Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Rhone–Poulenc*, 997 S.W.2d at 223; *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin*, 589 S.W.2d at 678. When both parties move for summary judgment and the trial court grants one motion and denies the

other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). The reviewing court should render the judgment that the trial court should have rendered. *Id.*

▇ A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Elliott–Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex.1999). The defendant as movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995).

In its motion for summary judgment, Appellee relied on *Lincoln National Life Insurance Co. v. Brown Schools, Inc.*, 757 S.W.2d 411 (Tex.App.-Houston [14th Dist.] 1988, no writ), a case in which a health care insurer mistakenly paid a claim to a hospital after the hospital treated its insured. As Appellee noted in its summary judgment motion, the court in *Lincoln National Life Insurance* held that an insurer who makes a mistake in paying a hospital is not entitled to restitution where: (1) the overpayment was made solely as a result of the insurer's mistake; (2) the hospital made no misrepresentations to induce the payee to make the payments; and (3) the hospital acted in good faith in seeking payment without prior knowledge of the mistake. *Id.* at 413–14.

On appeal, Appellant argues that the trial court's decision to grant Appellee's motion for summary judgment on the ground that *Lincoln National Life Insurance* applies is erroneous. Appellant further claims that the general rule of restitution espoused in *Bryan v. Citizens National Bank*, 628 S.W.2d 761, 763 (Tex.1982)—that a party who mistakenly pays funds is entitled to restitution if the payee has not detrimentally relied on the payment—applies.

### The *Lincoln National Life Insurance* Exception

In *Lincoln National Life Insurance*, the insurer brought suit against a hospital to recover payments it mistakenly continued to make to the hospital for the care of one of its employees after the insurance policy had expired. 757 S.W.2d at 412. The Fourteenth Court of Appeals, having no Texas precedent, followed the Nebraska Supreme Court's holding of *Federated Mutual Insurance Co. v. Good Samaritan Hospital*, 191 Neb. 212, 214 N.W.2d 493 (1974), which created an exception to the general restitution rule. *Lincoln Nat'l Life Ins.*, 757 S.W.2d at 413. The fourteenth court, though agreeing that the general restitution rule espoused in *Bryan* applies in most situations, recognized that inequity results if a hospital that extended medical services and billed an insurer without knowing that a claim was not covered is required to reimburse the insurer that mistakenly issued payment even though the insurer was in the best position to know that the claim was not covered by the terms of its own policy. *Id.* at 414.

The fourteenth court emphasized that the *Bryan* restitution rule "is grounded on the equitable principle that one who, under influence of mistake of fact, has paid money to another *not entitled to it*, ought not to suffer unconscionable loss nor *unjustly*

*enrich* the other." *Id.* at 413 (emphasis added). The *Bryan* rule, because it was designed to prevent *unjust* enrichment, should not control where there has been no unjust enrichment. *Id.* at 414. Accordingly, the fourteenth court held that the insurer in that case was not entitled to restitution from the hospital where "[the hospital] made no misrepresentations, had no knowledge or notice of [the insurer's] mistake, extended valuable services based on the assignment of payment by the insured, was not unjustly enriched, and simply had no reason to suspect that any of the payments for services rendered were in error." *Id.*

## Application

Here, Appellant argues that it did everything it could to determine whether Appellee was entitled to reimbursement under its policy, but it did not receive the police report indicating that Hughes was driving while intoxicated until after it had already paid the claim to Appellee. That argument, however, is unpersuasive. Even if Appellant truly did all it could to investigate whether Hughes' claim was covered, Appellant was still in a better position than Appellee to know of the exclusions in its own policy. We therefore follow the fourteenth court and hold that, as between two innocent parties, the loss should be placed on the party that mistakenly created the situation and was in the best position to have avoided it. *Lincoln Nat'l Life Ins.*, 757 S.W.2d at 414. That party is Appellant.

In support of its motion for summary judgment, Appellee attached two exhibits. One was a copy of Appellant's responses to Appellee's first set of interrogatories, in which Appellant admitted that it knew of the exclusion from medical coverage for Hughes' injuries resulting from illegal activity (driving while intoxicated) before it paid Appellee but did not notify Appellee of the exclusion prior to making payment. The second exhibit was the affidavit of Appellee's CFO, Marshall Allen, which stated that Appellee provided medical services to Hughes in the reasonable amount of $89,710.57, made no misrepresentations to Appellant to induce it to make payments, and had no notice or knowledge of the exclusion in Appellant's insurance policy prior to the time Appellant submitted its payment.

Appellant provided no summary judgment evidence to controvert Appellee's proof. Instead, it merely argued that the general *Bryan* rule of restitution applied. Appellant argued it was entitled to restitution because it "made every attempt" to secure a copy of the accident report, but the Louisiana police would not release it. Appellant does not point out, however, other reasonable means of securing the necessary information it could have used and why it was unable to discover Hughes' blood alcohol content. For example, there is no mention of whether Appellant attempted to procure Hughes' medical records, which most likely would have reflected his blood alcohol content. Appellant also insists it did not make a "mistake" because it was not negligent or at fault for attempting to obtain the information it needed but being unable to do so. However, one of the definitions of the word "mistake" is a wrong action or statement proceeding from inadequate knowledge. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 760 (1983).

Appellee's motion for summary judgment demonstrated that at least one element of Appellant's cause of action could not be established; therefore, the burden shifted to Appellant to put on competent controverting evidence that proved the existence of a genuine issue of material fact with regard to the element challenged by

279

Appellee. *See* Tex.R. Civ. P. 166a(i); *see Diaz*, 9 S.W.3d at 803; *Siegler*, 899 S.W.2d at 197. However, Appellant here did not put on controverting evidence. We may consider evidence favoring the movant's position where it is uncontroverted. *Great Am.*, 391 S.W.2d at 47. Because of Appellee's uncontroverted summary judgment evidence, Appellant is not entitled to reimbursement for its mistaken payment. We overrule Appellant's sole issue.

### CONCLUSION

Having considered and overruled Appellant's sole issue on appeal, we affirm the trial court's summary judgment.