NO. 07-02-0122-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 24, 2003

_____

W. L. EPPS, INDEPENDENT EXECUTOR OF THE
ESTATE OF PAUL C. LEDRICK, APPELLANT

V.

NATIONAL BANK OF COMMERCE, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 30,997; HONORABLE LEE WATERS, JUDGE

_____

Before JOHNSON, C.J. and REAVIS, J. and BOYD, S.J.[1]

**MEMORANDUM OPINION**[2]

W. L. Epps, Independent Executor of the Estate of Paul C. Ledrick, (Executor),

challenges a judgment following a trial that National Bank of Commerce recover the sum

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] Tex. R. App. P. 47.1.

of $265,341.39, plus interest and attorney's fees against him in his capacity as Independent Executor of the Estate of Paul Ledrick, deceased. Presenting four issues, the Executor argues the trial court erred in (1) finding that the Bank's insufficient knowledge of John Kenney's actions was a conclusion of law when the issue was really one of a finding of fact; (2) concluding as a matter of law that there was insufficient evidence to show that the Bank had knowledge of the misappropriation of funds under the power of attorney; (3) concluding that there was insufficient evidence to show the Bank had knowledge of the misappropriation of funds under the power or attorney; and (4) not finding the Bank liable for aiding John Kenney in misappropriating funds held in trust under the power of attorney when the evidence shows the Bank had knowledge that John Kenney was using the funds for his personal benefit and to the detriment of Ledrick. Based upon the rationale expressed herein, we affirm.

On October 1, 1990, Paul C. "Mickey" Ledrick, executed a "General Power of Attorney" by which he appointed John Kenney as his true and lawful attorney-in-fact. Ledrick acknowledged the instrument before a notary public and after it was subscribed by two witnesses, it was recorded in the official records of Gray County. At that time, Kenney was living on property owned by Ledrick and was "functioning as a caretaker of both the person and property of Ledrick." The instrument provided that Kenney had the authority customarily granted in a general power of attorney, including, among other special provisions:

(2)(k) To borrow any sum or sums of money on such terms and with such security, whether real or personal property, as my attorney may think fit, and for that purpose to execute all promissory notes, bonds, mortgages, deeds of trust, security agreements, and other instruments which may be necessary or proper.

In addition, by paragraphs 9 and 11, Ledrick agreed

9. CONFIRMATION OF ATTORNEYS ACTS. I hereby ratify and confirm that all that my attorney-in-fact or any successor shall lawfully do or cause to be done by virtue of this general power of attorney and the rights and powers granted herein.

11. INDEMNIFICATION OF THIRD PARTIES. I hereby indemnify and hold harmless any third party who accepts and acts under this power of attorney against any and all claims, demands, losses, damages, actions and causes of action, including expenses, costs and reasonable attorney's fees which such third party may incur in connection with his reliance on this power of attorney.

As of October 1, 1990, Ledrick and Kenney had conducted business with the Bank for several years and Ledrick had maintained certificates of deposit there and Kenney had farm loans and a checking account.

Before Ledrick revoked the power of attorney on March 29, 1998, as material here, the Bank made six loans to John Kenney, attorney-in-fact for Paul C. Ledrick. By its live pleading, the Bank sought to recover on the loans against Ledrick as follows:

a) August 5, 1997, loan no. 902433 in the original principal amount of $100,000;

b) October 8, 1996, loan no. 902122 in the original principal amount of $35,000;

3

c) January 16, 1997, loan no. 902434 in the original principal amount of $23,000;

d) August 5, 1997, loan no. 903075 in the original principal amount of $25,000;

e) January 2, 1998, loan no. 903521 in the original principal amount of $5,000; and

f) January 7, 1998, loan no. 186484 in the original principal amount of $4,439.52.

On May 29, 1998,[3] the Bank filed suit to recover on the notes and foreclose its collateral against Ledrick and Kenney. By his pleadings, the Executor alleged failure of consideration and other affirmative defenses or claims not material here; however, misappropriation of funds is raised for the first time on appeal.

Following rendition of the judgment that the Bank recover on the notes against the Executor, in addition to other findings of fact, the trial court made the following findings:

- Ledrick executed the general power of attorney to Kenney.

- The power of attorney was prepared by Ledrick's attorney.

- Beginning on August 18, 1992, the Bank commenced making loans to Kenney, POA for Ledrick, and eventually the six loans set out above were made to John Kenney, POA for Paul C. Ledrick.

- All of the loans were in default and the Bank had given proper notice to Kenney and Ledrick.

---

[3]Ledrick died on January 14, 2000, and the Executor was substituted at the time of trial. After a judgment against Kenney was signed, that judgment was severed into another proceeding and the case against the Executor proceeded to trial.

- The Bank was the owner and holder of the six notes.

- Ledrick revoked the general power of attorney on March 29, 1998.

- As of the date of trial, the total principal and accrued interest on the notes was $265,341.39.

Where, as here, these findings are not challenged, this Court is bound by them unless the contrary is established as a matter of law or there is no evidence to support the findings. McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986); *see also* Northwest Park Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.–Amarillo 1998, pet. denied).

We will consider the Executor's issues in a logical rather than sequential order. Issues two and four are directed at misappropriation of funds; thus, we will consider them together. By his second issue, the Executor argues the trial court erred in concluding as a matter of law that there was insufficient evidence to show that the Bank had knowledge of the misappropriation of the funds under the power of attorney. By his fourth issue, he contends the trial court erred in not finding the Bank liable for aiding Kenney in misappropriating funds held in trust under the power of attorney when the evidence showed that the Bank had knowledge that Kenney was using the funds for his personal benefit and to the detriment of Ledrick.

In reply to these issues, the Bank contends that because the affirmative defense of misappropriation was not alleged in the trial court it is waived. We agree. The office of

pleadings is to define issues at trial. Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982). Also, in Sandridge v. Merritt, 581 S.W.2d 247, 249 (Tex.Civ.App.--Amarillo 1979, no writ), we held that defensive theories not presented in the trial court may not be raised as a new theory for the first time on appeal. *See* Scurlock Permian Corp. v. Brazos County, 869 S.W.2d 478,483 (Tex.App.–Houston [1st Dist.] 1993, writ denied). Issues not raised in the trial court may not be raised for the first time on appeal. *See* City of San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986).

Moreover, by paragraph 9 of the power of attorney, Ledrick ratified all acts of the attorney and then by paragraph 11, Ledrick agreed to indemnify and hold the Bank, a third party, harmless against any claim or demand arising in connection with its reliance on the power of attorney. Accordingly, even assuming that Kenney commingled loan proceeds, because of Ledrick's ratification and indemnification and, where, as here, as between two innocent parties, the loss should be placed on the party that mistakenly created the situation and was in the best position to have avoided it. Because the Bank's loans were extended in reliance on the power of attorney which Ledrick executed, the Executor's second and fourth issues are overruled. Holden Business Etc. v. Columbia Med. Etc., 83 S.W.3d 274, 278 (Tex.App.--Fort Worth 2002, no pet.).

By his first issue, the Executor argues the trial court erred in finding that the Bank's insufficient knowledge of Kenney's actions was a conclusion of law when the issue was really one of a finding of fact. Then, by his third issue, he argues the trial court erred in

concluding that there was insufficient evidence to show the Bank had knowledge of misappropriation of funds under the power of attorney. Because these two issues also concern misappropriation of funds, our disposition of the second and fourth issues pretermits our consideration of these two issues.

Although the Executor alleged fraud and failure of consideration in the trial court, on appeal he does not challenge the findings of fact or the failure of the trial court to make findings regarding his fraud or failure of consideration defenses. Also, he does not contend that the promissory notes were not signed, that the Bank was not the holder and owner of the notes, nor that they remained unpaid. Because the signatures on the promissory notes were established, production of the instruments entitled the Bank to recover thereon in the the absence of defenses being established by the Executor. *See* Tex. Bus. & Com. Code Ann. § 3.307(b) (Vernon 2002); Sharp v. Brock, 626 S.W.2d 166, 169 (Tex.Civ.App.--Fort Worth 1981, no writ). Issues one and three are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

7